JUSTICE HARRISON,
dissenting.
I respectfully dissent. Section 45-3-103, MCA, provides:
Use of force in defense of occupied structure. A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other’s unlawful entry into or attack upon an occupied structure. However, he is justified in the use of force likely to cause death or serious bodily harm only if:
(1) the entry is made or attempted in violent, riotous, or tumultuous manner and he reasonably believes that such force is necessary to prevent an assault upon or offer of personal violence to him or another then in the occupied structure; or
(2) he reasonably believes that such force is necessary to prevent the commission of a forcible felony in the occupied structure.
If § 45-3-103, MCA, had been followed by the jury in this case, a not guilty verdict would have resulted. Clearly, the evidence showed that Sue Llewellyn was the aggressor. She broke into an occupied dwelling in the middle of the night by creating a scene and then kicking down the door. Such actions are a clear invasion of defendant’s home and he was justified in his use of force in defense of his home. I would reverse and remand for a new trial.